I hear from you all in Zeng v. Lynch. Good morning, your honors, and may it please the court. My name is Meredith Kelman. I'm an attorney with Bretson Cove and LLP. I am representing the petitioner, Mr. Ya-Yi Zeng, and I will be splitting the allotted time with Sejal Zota from the National Immigration Project of the National Lawyers Guild, who will speak to the question of constitutionality of 18 U.S.C. 16b, while I speak to the statutory issue of why federal extortion is not a crime of violence within the meaning of section 16b. Mr. Zeng has been a legal permanent resident of the United States for almost 30 years. He has one conviction for extortion that is nearly 20 years old. His conviction is not a crime of violence under this court's precedent, and our position is that this court need not reach the constitutional issue that Ms. Zota will be arguing. It is well-settled law in this circuit that the minimum conduct analysis is the proper test for determining whether a conviction is a crime of violence within the meaning of section 16b. Federal extortion is the obtaining of property from another with his consent induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right. It seems we have two issues. We first have to decide whether the force, violence, or fear part of the statute is divisible from the under color of official right, and if the answer to that were to be yes, whether fear attributable to something other than physical force is towards your argument. So why don't you focus on those questions? Absolutely, Your Honor. Our position is that while we respectfully maintain that the statute is indivisible, even if the statute is divisible, Mr. Zhang's conviction is not a crime of violence under the force, violence, or fear prong of the statute. So we are not conceding that the statute is divisible, but treating it as though it is divisible, we still believe that it is not a crime of violence. And we do have precedent that talks about whether the conduct encompassed by the elements of the offense in the ordinary case carries this risk. That's correct, Your Honor. Why would we not conclude that even if there's an economic fear theory, the ordinary case of extortion presents a serious potential risk of physical injury? Absolutely, Your Honor. This court has held in Jobson and Dalton that that language in Section 16b by its nature merits a minimum conduct analysis. The BIA has taken the opposite approach here. They've used that ordinary case standard to interpret that language. However, this court has established that for purposes of 16b, the minimum conduct test is the proper test. And under that test, the government cannot meet its burden of establishing by clear and convincing evidence that the minimum conduct satisfies the force violence or fear prong of the statute. Why do you think that there wasn't violence threatened here? So there... Can we consult the plea colloquy to determine what he specifically did? Yes, Your Honor, but the categorical approach, which this court goes by and which... Apart from whether we played a minimal test or the ordinary course test, but you agree that there was violence threatened in this course, and we can appreciate that, right? In terms of the facts, no, Your Honor. We, I... Why? Well, the factual analysis is actually not what we are to be looking at here. What we need to be looking at is the statute at its minimum. And the statute at its minimum... The Supreme Court say we can look at the plea colloquy to see what exactly he admitted to? That's correct, Your Honor. It does say that, but only for the purposes of determining what the relevant prong of the statute was, the prong of the statute under which he was convicted of. Mathis has made it clear, as have, most recently, other Supreme Court cases too. Other cases in this court have established that we cannot look to the facts of the statute rather than the generic offense. But what you're saying is even though for purposes of deciding whether it was official right or violence, fear, or that that which prong, we would learn in the course of that inquiry that this was a physical violence case, that we then forget that fact at the next step of inquiry? No, Your Honor. Simply, when we look at the statute at its minimum, we find that as this court has held in several cases... I think your answer to my question then is yes, because you're saying after you have learned that for purposes of whether it's one prong or the other, once you get within the prong, then you forget that it was conducted with violence. You think, well, the statute as a whole could be conducted with fear of economic injury. Well, I think the issue here, Your Honor, is that the specific facts of the case are not what matters. What matters are the elements of the conviction. I'm listening to my question. All right, I think I understand your point. You want to share your time with your colleague. Yes, Your Honor, thank you. Good morning. Sejal Zota, for Amici, from the National Immigration Project. Should this court need to reach the vagueness question, there are two reasons why this court should find 16b void for vagueness. First, Your Honor, 16b has the same two infirmities that led the Johnson court to declare the ACCA residual... Not bound by Hill? Your Honor, this court is not bound by Hill because in Welch, the Supreme Court made its rationale for Johnson very clear. It found... The definition of Johnson, and it's almost identical language. You know that one panel is bound by the other. You could certainly argue for an en banc review, but how do we distinguish Hill? Yes, you can distinguish Hill because in Hill, the court looked to the enumerated crimes as the prime cause of uncertainty in Johnson. It relied on pre-Johnson cases, but the Supreme Court in Welch made clear that it was the application of the categorical approach to risk-based standard. It sounds to me like you're arguing we shouldn't follow Hill because Hill is wrong. Well, Your Honor, Hill was not asked to consider or apply Welch, important Supreme Court precedent that made Johnson's rationale clear. And it wasn't asked to apply it because the argument and the briefing in Hill was completed months before Welch came down. And Welch doesn't even mention the enumerated crimes, which is what Hill rested on. We would ask this... And no attorneys in Hill later brought Welch to the court's attention, to the Hill panel's attention. And so we would ask this court... Sounds like you're saying that maybe the panel in Hill would have decided things differently if it had known of Welch, but that goes back to the same argument. We're still bound. Yes, well, Your Honor, under Supreme Court's case, Breck v. Abramson, where a case is not binding, where the issue was not presented and squarely addressed in the prior decision. Difference in the language of Section 16b and the language of 924c3b? Your Honor, they're identically worded. They're different statutes. But again, Hill did not consider Welch. And we would ask this court to follow the approach of the Sixth Circuit, which also upheld 924c, but later distinguished 16b and found it void for vagueness in part because of Welch. Thank you. Counsel. Good morning. May it please the court. Margo Carter for the United States Attorney General. The petitioner in this case committed a crime of violence and is removable as charged for his aggravated felony offense. The petitioner in this case was convicted for extortion, and the extortion statute is a divisible statute. The statute continues to be divisible under Mathis. Under Mathis, there are two elements here, two prongs of the offense. He could commit the offense by forced violence or fear or under color of official right. These two elements have been interpreted separately through case law, and furthermore, jury instructions make clear that these are two different crimes with two different sets of elements. How do you deal with the Fazio case, that fear of economic loss qualified under the first prong, the violence prong? You're talking about whether it's further divisible into forced violence and fear, like once you are not considering the violation. Well, and Fazio was almost a pure fear of economic loss, that you will lose business if you don't cooperate with the two leaders of the union and give them kickbacks. We will block shipments to your facility, for example. How do you deal with that as qualifying under that prong of extortion, but didn't seem to include very much about physical violence? Well, and the rationale, I think, for treating that as a crime where there's a substantial risk that physical force will be used in the commission of the crime, is that the threat of economic extortion is still so severe that there is the great potential, a material potential for the risk that physical force will be used in the completion of the crime based on the victim's reaction to such a severe economic threat. So how do you feel about this disparity between whether we still use the ordinary type of case analysis that's talked about in James or the minimum requirements always have to be satisfied? Which side are you on with that and why? The ordinary case of extortion does not involve some outlier example of economic harm. But you think the ordinary course approach still controls? Yes. It was in James, but James was overruled by Johnson,  but there was a lot of discussion in James about the ordinary type of violation. You think that survives Johnson? I think it does, and I think we discussed that a little bit in our brief. And Johnson, of course, and I'll discuss this more as we discuss the constitutional issue, but Johnson is limited to the Armed Career Criminal Act. It doesn't apply to 18 U.S.C. section 16b. But just returning to this divisibility issue, once the statute is divisible into force, violence, or fear, and the undercolor of official right, this court has repeatedly found that force, violence, or fear is a single element, and that in the context of Bail Reform Act cases, which contain identical language to the statute, the criminal crime of violence, 18 U.S.C. section 16b, identical language, this court has found that it's a crime of violence in the Bail Reform Act context. I don't think that survives Johnson, though. Johnson, the prior offense was possession of a sawed-off shotgun, and the court said that wouldn't survive the residual clause. It doesn't survive the residual clause. So all those Bail Reform Act cases that said simple possession of a 922G case, I remember, constituted a crime of violence. Do you think that survives Johnson? The simple possession of a handgun by a felon?  and I wouldn't speak to that. So you raised it. You cited that as an example. Well, to the extent that we're discussing this force, violence, or fear clause, the Bail Reform Act context addresses the exact, uses the exact same language. Okay. I'm not sure I. Just go back to Fazio, then. Tell me again why Fazio is not a problem for you, where it's a fear of economic loss, where it seemed to be emphasized over any violence. How does that qualify under the first prong of extortion? Because the issue is still whether there's a substantial risk that force will be used in the commission of the crime, and such a severe threat of economic harm is substantial enough and material enough that it creates a risk that the reaction of the victim would be such that force would be used to complete the commission of the crime. Is that, I'm sorry. Is that what the Fazio court said? Is that the reason for it, that they said this might lead to physical harm in Fazio? I don't. That's your argument, though, right? So you're saying economic harm's not enough, that it could lead to some kind of violence if the owner of the shipping company said no to the two mafia people, that they might hurt him. There's an implied threat of, the fear there is not just a fear of economic harm, but a fear that it'll be backed up with some physical violence. At this Supreme Court's most recent discussion of a lot of this, it talks about elements versus means. Yes. Let me ask you, with respect to the threat of force, violence, or harm, is the charge that it's harmed by physical violence a different charge than harm by economic injury? In other words, could you just say a fear of harm, and half the jury could think it was physical injury that was being threatened, and half the jury could think that it was economic harm? Or do you have to choose, and then it becomes an element? I don't think that there are any cases that break it down into, or very few cases that break it down into force, violence, fear as separate elements. But whether the threat is to economic harm or physical harm, I'm asking you whether you think the government would have to provide notice of which it was, and then prove it. No, I think the jury would only have to. You think the jury could, half of them could think that what was being threatened was economic harm, and half of them could think physical harm? I do. I do, based on the case law of the circuit and others. Did the indictment here charge specifically? No, it didn't. And do you have a copy of the indictment in the papers before us? I think we do, but I think it's also, it's referenced in the plea colloquy, and it's specifically delineated in the plea colloquy. Right. Oh, so moving on to the constitutionality issue of 16b. There's a strong presumption of validity to an act of Congress, and the Johnson majority opinion specifically made clear that the term substantial risk was not placed into constitutional doubt. Moreover, Johnson never addressed 18 U.S.C. section 16b. Johnson never mentioned Leocal or explicitly overturned it, although they did explicitly reference other decisions that had been overturned. Moreover, there are important distinctions between the ACCA and section 16b. As an initial matter, the ACCA references a potential risk of physical injury. In doing so, it introduces more uncertainty. It's the possibility of a possibility. The section 16b, on the other hand, discusses the substantial risk that physical force will be used in the commission of the crime. This narrows the risk. It makes the risk one that is important, essential, and material. And it has this temporal limit in that it has to be in the course of committing the offense. Another significant distinction is that there's no fusing list of exemplar crimes in 16b. We're not talking about burglary extortion, arson, offenses involving explosives, or otherwise involving conduct. There are arguments that we heard with respect to almost identical language in Hill, and persuasive, but counsel says that Hill didn't have the opportunity to consider Welch. Welch doesn't change the analysis at all. Welch is a case that says that Johnson can be applied retroactively. Johnson deals with the retroactivity, or Welch deals with the retroactivity of Johnson and how that can be applied. Welch did not add anything or take away anything from Johnson, and it didn't change the reasoning of Johnson. The Supreme Court didn't overrule its decision of roughly a year prior when it ruled on Welch. And importantly, Johnson, in discussing the ACCA, not only referenced this list of exemplar crimes, they also talked about the history of unworkability of the ACCA. There's no similar history of unworkability with 18 U.S.C. section 16b, which, since the Supreme Court's decision in Leocal in 2004, has not been suggested to be unworkable. In closing, the court is bound by its prior decision in Hill and Hill was correctly decided. Welch does not alter that analysis because Welch is a decision that simply reiterates what was said in Johnson. It doesn't change that holding in any way. In sum, we ask that the court deny the petition for review. Thank you. Thank you. Counsel, I believe you reserved some time for rebuttal. Your Honor, I would like to make three quick points to the court. And we'll let you do that, but let me ask you, where in your papers is your Welch argument if we wanna refer to it as you put it down in writing? Your Honor, in the petitioner's second supplemental briefing there was argument on Welch and we also filed two 28J letters on Monday that deal with Welch, yes. Your Honor, we would ask this court to apply the minimum conduct standard here to save the statute. And that is the reading this court has historically applied in Dalton and Jobson and Blank and Blake and the ordinary case has now been called into question by Johnson. And under that standard, the minimum conduct here is simply a public official doing favors for a business and demanding payment. That is the case Judge Droney mentioned that those were essentially the facts in Brecht, Marghiata, Gigante, Clemente, that in this circuit. And in those cases, the court made clear. But that's not the other prong of the extortion statute, right? No, no, those were under economic harm. Those were brought under official right and economic harm and the convictions were sustained under the economic harm which is the provision we've been talking about. And there we just said what that you're saying helps you? We're saying that the statute, there the courts of the statute can be satisfied non-violently. And that's because when a public official demands favors, the business is scared of losing contracts. I mean, economic harm. There is no risk of violent inherent in that minimum conduct. Public official cases, you just? Yes, yes. Why wouldn't that be picked up under the second prong? Well, for whatever reason, Your Honor, the AUSAs have charged them under both prongs and there are a number of decisions in circuits across the country that have found public official cases under the economic harm. Right, that doesn't depart from the notion that in the ordinary public official case, there's not gonna be a threat of violence. The threat will be to other harms. We're now concerned with when you're not in the public official element, if that's what we conclude, that it's a distinct element, why the ordinary case is not one involving violence and why our past cases saying forced violence or fear in materially identical statutes are crimes of violence. I mean, that was our holding in Chaconne. Yes, and Your Honor. Again, we may be bound by these cases. Yes, Your Honor, and that's because we are asking the court to interpret 16b by reading in a minimum conduct standard. That is. How do we get around cases where we have already concluded that this language presents a crime of violence? Well, Your Honor, in those Bail Reform Act cases, the court has never applied a minimum conduct standard. And no, I'm not aware of any case in any circuit that has found federal extortion to be a crime of violence under 16b. Lastly, Your Honor. Even though most, the vast majority of the time it is. I mean, this is the oddity of the approach you're urging is that the vast majority of crimes, including your clients, are crimes of violence. Well, Your Honor, the Supreme Court in Moncrief has said that we must look to the minimum conduct under the statute. That is from the Supreme Court. That's why we asked the court to interpret the statute this way. However, if this court is not persuaded that Mr. Zhang's conviction is not a crime of violence, and if this court feels bound by Hill, we would ask the court to hold in abeyance any decision on the vagueness of the statute in light of the fact that there is a circuit split and that the Solicitor General has asked for review in certiorari in DiMaio v. Lynch in the Ninth Circuit case. And that case is on for conference on September 26th. We've sometimes held cases once the Supreme Court has accepted cert, but what would be our rationale for doing it where the issue is not yet squarely before the Supreme Court? Well, yes. In light of the fact that it's the Solicitor General who's requesting certiorari, it's very likely that the Supreme Court will provide guidance. But if this court is not inclined to wait because of the potential significance of any ruling here, because this definition is applied in multiple contexts, and because of the circuit split, we would ask the court to consider taking the issue en banc so that the full court can provide it careful consideration. Thank you. Thank you. All right, counsel, thank you all very much. We're gonna take the matter under advisement.